IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.  4:17-CR-00137-01-JM
    4:22-CV-00313-JM

DANNY R. WILLIAMS, JR.

## ORDER

For the reasons set out below, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 172) is DENIED.

**I.   BACKGROUND**

Defendant pleaded guilty to conspiracy to possess with intent to distribute methamphetamine (actual), and on January 4, 2021, he was sentenced to 275 months in prison.[1] Defendant appealed on January 5, 2021, however, on March 12, 2021, the Eighth Circuit granted the Government's motion to dismiss, based on the appeal waiver in the plea agreement[2]

In the petition, Defendant asserts claims that a sentence enhancement was improperly applied and for ineffective assistance of counsel.

**II.   DISCUSSION**

    **A.   Sentencing Enhancement**

Defendant argues that the career offender enhancement should not have applied because his two convictions for third-degree domestic are not predicate offenses. First, Defendant waived this objection when, on the record, he told the Court he no longer objected to career

---

[1] Doc. Nos. 72, 73, 156, 157.

[2] Doc. Nos. 159, 164..

1

offender enhancement. Second, the convictions were properly counted as predicates.[3] Defendant has failed to establish any error.

### B. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Defendant must first show that his lawyer's performance fell below an objective standard of reasonableness.[4] He must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[5] Then, the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[6] Defendant faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[7]

If Defendant establishes deficient performance by counsel, he still must establish prejudice.[8] This requires Defendant to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[9]

---

[3]*United States v. Eason*, 907 F.3d 554, 558 (8th Cir. 2018) (holding that "third degree domestic battery in violation of Ark. Code Ann. § 5-26-305(a)(1) is a violent felony under the force clause").

[4]See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

[5]*Strickland*, 466 U.S. at 690.

[6]*Id.*

[7]*Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[8]*Strickland*, 466 U.S. at 694.

[9]*Id.* ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

So, the test has two parts: (1) deficient performance, and (2) prejudice.  If Defendant fails to establish either part of this test, the Court need not consider the remaining part of the test.

### 1. Filing An Appeal

Defendant alleges ineffective assistance of counsel because his "lawyer refuse[d] to comply with filing his notice of appeal."[10]  To the contrary, Defendant's lawyer filed a notice of appeal the day after he was sentenced.[11]  Additionally, the Government filed a motion to dismiss the appeal and Defendant's lawyer filed a response in opposition, but the Eighth Circuit granted the motion.  Accordingly, Defendant's claims is meritless.

### 2. Withdrawing the Plea

Defendant contends that he told his lawyer two days after signing the plea agreement that he did not fully understand the agreement.  Defendant's lawyer filed a motion to withdraw guilty plea and the Court had a hearing.[12]  The motion was denied.  Defendant has established neither deficient performance nor prejudice.

### 3. Sentence Enhancements

According to Defendant, he ask his lawyer many times to challenge the sentence enhancement related to him being a career offender and for maintaining a drug premises. Contrary to Defendant's argument, his lawyer did, in fact, raise these objections.  However, after a discussion in court, Defendant agreed that he was "no long objecting to being classified as a career offender."[13]  Defendant's lawyer also pursued the objections for maintaining a drug

---

[10]Doc. No. 172.

[11]Doc. No. 159.

[12]Doc. Nos. 135, 154.

[13]Doc. No. 162.

premises and being a leader in the offense. The Court heard testimony, and ultimately found that these enhancements applied. Defendant's lawyer is not ineffective for having an objection overruled.[14]

## CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 172) is DENIED.

IT IS SO ORDERED this 4th day of April, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[14] *Id.*